# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    vs.<br><br>RAFAEL RODRIGUEZ-MENDOZA,<br><br>         Defendant.<br>_____ / | CASE NOS. CR F 09-0189 LJO AND CV F 11-1740<br><br>**ORDER ON 28 U.S.C. § 2255 MOTION**<br>(Doc. 20.) |

## INTRODUCTION

Defendant Rafael Rodriguez-Mendoza ("defendant") is a federal prisoner and proceeds pro se to seek 28 U.S.C. § 2255 ("section 2255") relief. This Court considered defendant's section 2255 motion on the record and denies defendant section 2255 relief.

## BACKGROUND

### Plea Agreement And Sentencing

By a November 6, 2009 plea agreement, defendant voluntarily entered a guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. With the plea agreement, defendant "knowingly and voluntarily agree[d] to waive all Constitutional and statutory rights to appeal his conviction and sentence, including but not limited to an express waiver of appeal of this plea . . . and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742, or otherwise."

On November 6, 2009, plaintiff was sentenced to 37 months, and judgment was entered on

November 12, 2009.

## Section 2255 Motion

On October 17, 2011, defendant filed his section 2255 motion to claim that this Court lacks jurisdiction to impose the sentence.

## DISCUSSION

### Waiver

Defendant waived his right to attack his sentence collaterally with a 2255 motion.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant agreed not to attack his conviction by a 2255 motion. Given such waiver, defendant is precluded to pursue issues which do not relate to performance of his attorney or voluntariness of waiver. *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013.

### Voluntary And Intelligent Plea

Defendant's claims are barred as based on his voluntary and intelligent plea. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences. . . must stand unless induced

by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

With the plea agreement, defendant acknowledged that he was fully aware of the direct consequence of his plea. Thus, under *Brady*, defendant's plea must stand, as his plea was voluntary and intelligent.

**Untimely Section 2255 Motion**

Defendant's section 2255 motion is susceptible to section 2255(f)'s one-year limitations period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's section 2255 motion is untimely. His judgment of conviction was finalized on November 12, 2009, more than a year prior to his October 17, 2011 filing of his section 2255 motion. Defendant alleges no government-created impediment to seek section 2255 relief, and none is present. Defendant delayed nearly two years to seek meritless section 2255 relief to negate exercise of due diligence to discover facts to support his claim. The one-year limitations period expired prior to defendant's untimely 2255 motion.

**Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996).  A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983).  In the absence of a COA, no appeal in a section 2255 proceeding may be heard.  28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993).  On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction.  A certificate of appealability is improper.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a certificate of appealability and DIRECTS the clerk to close Case No. CV F 11-1740.

IT IS SO ORDERED.

**Dated:   October 21, 2011**               /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE